**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES CALHOUN-EL, # 160-083          *

                                         *

Plaintiff,          *

                                         *

v          *          Civil Action No.  RDB-13-187

                                         *

RODERICK R. SOWER, Director of          *
  Correction,          *
BOBBY P. SHEARIN, and          *
NANCY R. KOPP.          *

                                         *

Defendant          *

                                         ***

**MEMORANDUM OPINION**

       James Calhoun-El brings this Complaint pursuant to 42 U.S.C. § 1983 against Defendants Roderick R. Sower, Director of Correction, Bobby P. Shearin, Warden of the North Branch Correctional Institution, and Nancy R. Kopp, Maryland State Treasurer, in their official capacities for allegedly denying his requests under the Maryland Public Information Act, codified at Maryland Code §§ 10-611 *et seq.* of the State Government Article, and violating his rights under the First and Fourteenth Amendments.  He avers Defendants have violated his First and Fourteenth Amendment rights to free speech and due process by refusing his requests for records.  The records he requested included dietary, disciplinary, financial, incident, traffic, commissary, policy, and state treasury reports.  ECF No. 1.  Plaintiff has appealed these administrative denials in the state courts of Maryland, and the cases were dismissed or remain pending.[1]  Plaintiff seeks damages and other relief as redress.

---

[1]  *See* Case No. 01-c-11-036-36496, Circuit Court for Allegany County; Case No. 24-C-12-003773, Circuit Court for Baltimore City;  Case No. 01-C-11-36117, Circuit Court for Allegany County;  Case No. 01-C-11-36304, Circuit Court for Allegany County. ECF No. 1.  Calhoun-El states he has also filed a case in the Circuit Court for Anne Arundel County, but does not provide a case number. *See id.*

After reviewing the Complaint and accompanying Motion to Proceed in Forma Pauperis, the Court will grant Plaintiff leave to proceed as an indigent for the purpose of preliminary review. For reasons to follow, the Complaint will be dismissed.

## I.      JURISDICTION

Insofar as Plaintiff 's claims arise from his disputes regarding the propriety of state court judgments,  the *Rooker–Feldman* [2] doctrine bars a federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil v. Saudi Basic Industries Corporation*, 544 U.S. 280, 281 (2005).   The doctrine precludes "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.' " *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 486).[3]

## II.     FAILURE TO STATE A CLAIM

Mindful that Calhoun-El is a self-represented litigant, this Court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that this Court may ignore a clear failure to allege facts stating a federal claim, nor may the Court assume the existence of a genuine issue of material facts where there is none. *See Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir.1990). This Court is obliged to dismiss an action filed in forma pauperis that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

---

[2] The doctrine is named after *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3] Of course, Plaintiff may appeal  these determinations as permitted under state law.  This Court expresses no opinion as to the merits of his claims.

Whether a complaint states a claim is analyzed under Rule 12(b) (6), which tests the sufficiency of the complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a). When considering dismissal for failure to state a claim, a plaintiff's well-pled allegations are assumed true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive dismissal. Id. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In this case, Plaintiff's conclusory allegations of constitutional violation fail to meet this standard.  The Complaint lacks any factual substantiation suggesting that Plaintiff was denied due process or his right to freedom of speech.  Notably, Plaintiff fails to state on what grounds the records he requested were sought, the reasons his requests were refused, or why the refusals abridged his constitutional rights.

### III.    CONCLUSION

For the above stated reasons, this case will be denied and dismissed by separate Order.


_ January 24, 2013_                    _____/s/_____
DATE                                                RICHARD D. BENNETT
                                                     UNITED STATES DISTRICT JUDGE